IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
PATRICIA NAPOLI, et al.,                : CASE NO.  1:08CV02985
                                         :
                        Plaintiffs,      :
                                         : <u>MEMORANDUM OF OPINION AND</u>
            -vs-                         : <u>ORDER GRANTING ALLSTATE'S</u>
                                         : <u>MOTION TO INTERVENE</u>
                                         :
CITY OF BRUNSWICK, et al.,               :
                                         :
                        Defendants.      :
                                         :
-------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     This case involves a dispute between Patricia and Greg Napoli and the City of Brunswick ("City"), Paul Morselli, Cathy Morselli, Denine Bosak and two John Does, related to the alleged publication of Ms. Napoli's confidential medical information.  The complaint asserts claims for invasion of privacy, breach of confidentiality of medical information, violation of the Health Information Portability and Accountability Act ("HIPAA"), negligence, intentional infliction of emotional distress, and loss of services.  The complaint seeks compensatory and punitive damages.  (Complaint, Docket #1).  Allstate Insurance Company provides homeowner's insurance to the Morsellis and is defending them in this action under a reservation of rights.  Allstate now seeks to

intervene in the action. (Docket #12, Motion to Intervene, at 2). Ms. Morselli[1] opposed Allstate's motion (Docket #16) and Allstate replied. (Docket #17).

## BACKGROUND

On 30 November 2007, Mr. Morselli, an emergency medical services technician for the City of Brunswick, responded to a 911 call at Ms. Napoli's home. (Complaint at ¶¶2, 4; Mr. Morselli Answer, Docket #6, at ¶¶2, 4). Mr. Morselli treated Ms. Napoli, after which, she was taken to the hospital in an ambulance owned by the City. (Complaint at ¶5; Mr. Morselli Answer at ¶5). The complaint alleges that Mr. Morselli, while acting within the scope of his duties, "published confidential information" regarding Ms. Napoli "to others who were not involved in [her] care or treatment and who [had] no legitimate need or use of [this] confidential information." (Complaint ¶¶6, 8). According to the Napolis, Ms.Morselli, Ms. Bozak, and the John Doe defendants obtained Ms. Napoli's confidential medical information and "published such information to third parties." (Complaint at ¶¶9-10).

## LAW AND DISCUSSION

Allstate seeks to intervene "as of right," pursuant to Fed.R.Civ.P. 24(a). (Docket #12). Rule 24 provides that a non-party may intervene as "of right" when, "[o]n timely motion," the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." As such, Rule 24 allows an absentee party to

---

[1] Mr. Morselli is being represented by counsel for the City. Neither Mr. Morselli nor the City has opposed the motion to intervene.

petition for intervention when it "stands to have its interests harmed." Glancy v. Taubman Centers. Inc., 373 F.3d 656, 670 (6th Cir. 2004). Rule 24 "should be 'broadly construed in favor of potential intervenors.'" Coalition to Defend Affirmative Action v. Granholm, 501 F.3d 775, 779 (6th Cir. 2007), quoting Purnell v. City of Akron, 925 F.2d 941, 950 (6th Cir. 1991). The Court must balance these considerations, however, against the public's and the litigant's interest in the expedient resolution of claims. See Jansen v. City of Cincinnati, 904 F.2d 336, 339-40 (6th Cir. 1990).

"[A] proposed intervenor must establish four factors before being entitled to intervene: (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest." Granholm, 501 F.3d at 779, citing Grutter v. Bollinger, 188 F.3d 394, 397-98 (6th Cir. 1999). "'The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied.'" United States v. Michigan, 424 F.3d 438, 443 (6th Cir.2005), quoting Grubbs, 870 F.2d at 345.

1. Timeliness

Allstate must first demonstrate the timeliness of its motion to intervene. See Granholm, 501 F.3d at 779. The Sixth Circuit has "identified several factors to be established in determining whether a request for intervention is timely:"

(1) the point to which the suit has progressed;

(2) the purpose for which intervention is sought;

3

> (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case;
>
> (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and
>
> (5) the existence of unusual circumstances militating against or in favor of intervention.

United States v. Tennessee, 260 F.3d 587, 592 (6th Cir.2001) (quoting Grubbs v. Norris, 870 F.2d 343, 345 (6th Cir.1989)). Allstate filed its motion only two months after the case commenced, and before any discovery has taken place, thereby negating any prejudice to the parties. Its purpose in seeking to intervene is reasonable, as will be discussed below. Allstate's motion was timely filed.

  2. <u>Substantial Legal Interest</u>

Allstate asserts that because it is the Morsellis' "liability insurer," it has a "direct, pecuniary interest in the outcome of the case." (Motion to Intervene at 3). Ms. Morselli does not challenge Allstate's legal interest. There is no argument that Allstate is not the Morsellis' insurer. Accordingly, Allstate may be liable for a judgment entered against the Morsellis in this case and has a legal interest in its outcome.

  3. <u>Allstate's Ability to Protect Its Interest Without Intervention.</u>

Allstate argues that it will be unable to protect its interests unless it is a party. Moreover, Allstate maintains that it may need to later intervene to submit jury interrogatories "to insure that any facts necessary to determine coverage are resolved."

Allstate correctly notes that "an insurer it is entitled to file a declaratory judgment claim "for purposes of establishing its rights and obligations under a contract of

4

insurance *** even when the underlying tort complaint alleges conduct within the coverage of the contract of insurance." Preferred Risk Ins. Co. V. Gill, 30 Ohio St.3d 108, 112-13 (1987).   Moreover, as noted by the Supreme Court of Ohio, albeit in the context of final appealable order analysis, "when a party has sought and been denied intervention, collateral estoppel will not prohibit future litigation of similar issues." Gehm v. Timberline Post & Frame, 112 Ohio St.3d 514, syllabus (2007), citing Howell v. Richardson, 45 Ohio St.3d 365 (1989).  Thus, Allstate can protect its interest by filing a declaratory judgment action.

Allstate also argues, however, that it should be permitted to intervene in this case because of a legitimate issue related to coverage.  In any case, Allstate maintains, it will be necessary to "submit jury interrogatories, to insure that any facts necessary to determine coverage are resolved."  Allstate asserts that the Morsellis' homeowners policy does not provide coverage for claims of invasion of privacy, breach of confidentiality of medical information, violation of civil rights, punitive damages, or intentional infliction of emotional distress.  Allstate acknowledges that the policy does provide coverage for some types of negligence, "but not claims for negligent infliction of emotional distress as plaintiffs allege."   Allstate's proposed complaint states that: (1) the Morsellis' "policy applies only to certain claims for 'bodily injury' or 'property damage' caused by an 'occurrence,' as those terms are defined in the policy"; (2) the Napolis' "[c]omplaint does not allege any property damage or bodily injury caused by an occurrence"; (3) the policy "excludes coverage for injuries arising out of the past or

5

present business activities of an insured person"; and (4) the Napolis' "claims arise out of the business activities of" Mr. Morselli. (Docket #12, Exhibit 2 thereto).

Under the facts of this case, in which coverage is substantially at issue, Allstate will not be able to protect its interest without intervention.

  4.  <u>Allstate's Interest Adequately Protected by Other Parties</u>

Allstate seeks to intervene to determine whether the policy provides coverage for the Morsellis for claims alleged in the Napolis' complaint. Ms. Morselli argues that Allstate's interests are adequately protected but does not articulate how they are protected and by whom. The Court finds that Allstate's interests will not be adequately protected by the other parties, all of whom will likely seek to have Allstate held responsible for at least a part of any judgment entered.

**CONCLUSION**

The considered factors for intervention under Fed.R.Civ.P. 24(A) weigh in favor of intervention. Accordingly, the Court grants Allstate's motion to intervene.

IT IS SO ORDERED.

          /s/Lesley Wells
         UNITED STATES DISTRICT JUDGE

Date: <u>26 March 2009</u>